IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| SHAHRIAR SHAWN ADIBI; dba SHAWN | § | CASE NO: 07-31343 |
| ADIBI; dba SHAHRIAR ADIBI DDS; aka | § | |
| MOJGAN ADIBI; aka MORGAN ADIBI, | § | |
| MOJGAN MORGAN ADIBI; aka MOJGAN | § | |
| DAVOUDI ADIBI; aka MOJGAN DAVOUDI | § | |
| Debtor(s) | § | |
| | § | CHAPTER 7 |

## MEMORANDUM OPINION REGARDING
## ORDER DENYING MOTION TO VACATE ORDER DISMISSING CASE
## (DOC # 20)

In Docket # 20, Debtor asks the Court to vacate the order (docket # 19) dismissing this case. For the following reasons, and by separate written order issued this date, the motion is denied.

### FACTS

Debtor filed a petition commencing this case under chapter 7 of the Bankruptcy Code on February 28, 2007. On March 1, the Court issued an order and notice of possible future dismissal (docket # 5). That order and notice was served on Debtor and on Debtor's counsel (docket # 13).

The order and notice stated that Bankruptcy Code § 521 required certain information to be filed with the bankruptcy petition (or within 15 days thereafter), that the required information had not been filed, and that the Bankruptcy Code provided for "automatic dismissal" of the case if the information was not filed. The order further stated that, independent of the statutory requirement and provision for dismissal, the Court ordered the information to be filed timely and gave notice that the case might be dismissed without further notice and hearing if the information was not timely filed. Finally, the order and notice gave information about how Debtor could seek an extension of time to file the information or could seek relief from the statutory requirement and from the Court order to provide the information.

The order and notice listed the myriad of information that had not been filed with the petition. The order and notice specifically listed Bankruptcy Official Form 22. Form 22 had not been filed and the order required Debtor to file the Form, timely.

The docket indicates that Debtor filed some of the information required by the statute and the Court's order, but that Debtor did not file Form 22 and did not seek an extension of time or a determination that the form was not required.

Forty-five days after February 28 is April 14, 2007.  By statute, the case may have been dismissed on April 15, 2007.  The statute gives the Court no authority to vacate or to otherwise modify that provision of the statute.[1]

On April 21, 52 days after the bankruptcy petition was filed, the Court issued an order dismissing the case, docket # 19.  This memorandum opinion addresses Debtor's motion (docket # 20) to vacate that order.

## ANALYSIS

**I.    Was the case dismissed automatically by the statute?**

Bankruptcy Code § 521(a)(1)(B) requires debtors to file certain information "unless the court orders otherwise." Section 521(a)(1)(B)(ii) requires debtors to file "a schedule of current income and current expenditures". Section 521(a)(1)(B)(v) requires debtors to file "a statement of the amount of monthly net income itemized to show how the amount is calculated…" If debtors fail to file the required information "within 45 days after the date of the filing of the petition," the case is automatically dismissed, by explicit provision of the statute, "effective on the 46th day after the date of filing of the petition." Bankruptcy Code § 521(i)(1).

Bankruptcy Code § 707(b)(2) applies only in chapter 7. It requires dismissal or conversion of a case filed by an individual debtor whose debts are primarily consumer debts if granting bankruptcy relief would be abusive of chapter 7. To facilitate that determination, § 707(b)(2)(C) requires the petitioner to file "as part of the schedule of current income and expenditures required under section 521" a calculation to determine "whether a presumption arises." (Emphasis supplied.) Since the requirement to file the calculation is a subsection of § 707(b)(2), and since § 707(b)(2) only applies to debtors whose debts are primarily consumer debts, the requirement to file the calculation only applies to debtors whose debt is primarily consumer debt. However, if the debts are primarily consumer debts, then the requirement to file the calculation is statutorily deemed to be "part of" the schedules of income and expense.

Form 22 appears to be designed to implement § 707(b)(2), not § 521.  This Court has previously concluded that § 521 is satisfied by Bankruptcy Schedules I and J.  *In re Beacher*, No. 06-37157 and *In re Pena*, No. 06-35550 (Bankr. S.D. Tex. January 26, 2007).  But there is conflicting jurisprudence about that, even among the bankruptcy judges for the Southern District of Texas.  *In re Copeland*, 2006 Bankr. Lexis 2200 (Bankr. S.D. Tex. 2006).  Some courts hold that Form B22 is required in all cases, while others hold that it is only required if § 707(b)(2)(C) applies to the case.  (And, as noted, that section only applies if the debtor's debts are primarily consumer debts.)

Debtor alleges that her debts were not primarily consumer debts.  Assuming, for purposes of this decision that the allegation is correct, then arguably the case was not automatically dismissed by the statute.  But there is a split in the jurisprudence about that.  Perhaps this case

---

[1] The Court recognizes that April 14 is a Saturday.  The statute does not make exception for periods that end on non-workdays.  The Court need not address whether that is significant in this case, because Debtor did not submit the form on the next work day, April 16.  In fact the form has never been submitted.

was dismissed automatically by statute on April 14 and perhaps it was not. If it was, then this Court has no authority to vacate that dismissal.

### II. Ambiguity and consequences of the ambiguity.

The Court recognized, even prior to BAPCPA's effective date, that the statute presented dangerous ambiguities and substantial peril for debtors, for creditors, for bankruptcy trustees, and for entities who dealt with the trustees (such as purchasers of estate assets). If Form 22 was not filed, and if the Court did not determine (early on) whether Form 22 was required, then all proceedings in the case after the 45th day were subject to challenge. If the form were not filed, if no one raised the question until several years into the administration of the case, and if the Court determined years later than the debtor's debts were in fact primarily consumer debts and therefore the case had been dismissed automatically by the statute several years earlier, the jurisdiction of the court and all acts of administration of the estate after the 45th day would be in question.

To avoid this chaos, the Court requires debtors to file Form 22 unless there is a judicial determination that it is not required. To implement this procedure, to give notice of the requirement to debtors and to their counsel, and (frankly) to assist debtors and their counsel in complying with the statute, the Court requires deputy clerks of court to review the record and to identify potential deficiencies. The Court then issues an order that identifies the potential deficiencies and requires one of two things:
1. That the deficiency be remedied (*i.e.* that the requisite form be filed), or
2. That the debtor file a response to the order that challenges the alleged deficiency, (*i.e.* that contends that filing the form is not required and therefore that failure to file the form is not a deficiency).

That order and notice was issued and was served on Debtor and on Debtor's counsel in this case on March 3, 2007, docket ## 5, 13.

### III. The case was dismissed for failure to comply with the Court's order.

Debtor did not file Form 22 and did not file a response to the order. Debtor did not ask for an extension of time to comply, and Debtor did not ask for a determination that Form 22 was not required. As counsel notes in his motion to vacate the dismissal of this case, the Court has confected a procedure for extensions of time to file the form and for issuance of an order determining that a debtor need not file the form, merely upon representation that the form is not required (if no party in interest, such as the US Trustee objects).

This case was dismissed for failure to comply with the Court's case management order. The Court finds no error in its order dismissing this case, and declines to vacate the order.

**IV.     Other considerations.**

Several other matters deserve comment.

The principal reasons that Debtor advances in support of the motion to vacate are (1) that Debtor needs chapter 7 relief, (2) that the trustee is administering assets, and (3) that the failure to file the Form was Debtor's counsel's mistake.

The Court notes that there has been no judicial determination that Debtor's debts are not primarily consumer debts. Therefore, there has been no determination that Form 22 was not required or that the case was not automatically dismissed by the statute on April 14. The Court may or may not have authority to determine that issue after the 45th day. And if the split in the jurisprudence is resolved by a superior court concluding that Form 22 must be filed in all cases, then the case has in fact been dismissed and the Court has no authority to change that result.

Even though this case has been dismissed, Debtor's need for bankruptcy relief and the trustee's administration of the estate can be achieved. Debtor is not prohibited from filing another bankruptcy petition. Debtor simply will have to demonstrate that the § 362 stay should be extended even though she filed a second case within one year after dismissal of her first case. And if that happens, the trustee's administration of assets in the second case will not be subject to question. Therefore, in a most ironic and perverse result, Debtor's objectives can be achieved only by denying Debtor's motion.

Assuming all the facts represented by Debtor's counsel in the motion to be true, the only disadvantage to filing a second case might be the additional filing fee and the attorneys' fees involved. Since counsel alleges that the dismissal of this case resulted from his inadvertence in responding to the Court's order, Counsel might be willing to cover those costs without additional charge to Debtor.

SIGNED 05/24/2007.

WESLEY W STEEN
United States Bankruptcy Judge